CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

SEP 29 2011

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| THOMAS L. SWITZER, | ) | Civil Action No. 5:11-cv-00079 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TOWN OF STANLEY, <u>et al.</u>, | ) | By:  Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Thomas L. Switzer, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §§ 1331 and 1343. Plaintiff lists as defendants in his Original Complaint (docket no. 2) Mark Belton, the Page County Administrator, and John Thomas, the Sheriff of Page County. Plaintiff also named the Town of Stanley as a defendant in the Original Complaint's caption and wrote on the Civil Action Cover Sheet and motion for leave to proceed in forma pauperis that the Page County Jail ("Jail") is a defendant. Plaintiff argues that the conditions at the Jail violated his constitutional rights when he stayed there on several occasions.[1] Plaintiff subsequently filed an unsigned Amended Complaint, which the court requested he sign and return to the court, pursuant to Fed. R. Civ. P. 11(a). Plaintiff subsequently filed a different, signed Amended Complaint that attempts to join additional defendants. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915(e)(2). After reviewing plaintiff's Amended Complaint (docket no. 5), the court dismisses the action without prejudice as frivolous.

---

[1] Plaintiff stayed at the Jail on three separate occasions: for four days in November 2009, for four days in January 2011, and for two months between April and June 2011. Plaintiff does not specifically correlate his complaints to the specific time periods he was at the Jail except that Jail staff placed him in general population between Memorial Day and June 21, 2011.

I.

For the reasons stated <u>infra</u>, the court recites the facts alleged in plaintiff's verified Amended Complaint. Jail staff placed plaintiff in segregation, not as punishment, but because Jail officials said it was the only place he could sleep with a CPAP[2] machine plugged into an electrical outlet. Plaintiff complained about the verbal abuse he received from inmates or staff, which he believes "incited other inmates to violence." (Am. Compl. 3.) Plaintiff ended up being locked in his segregation cell for three days because other inmates verbally abused him. Plaintiff complained about being in segregation, and Captain Akers authorized plaintiff to be in general population during the day but placed him in segregation at night where his CPAP machine could work. The CPAP machine needed an extension cord to reach an electrical outlet, but the CPAP machine's instructions said to plug the machine directly into an outlet. Jail staff allegedly admitted that the extension cord was a fire hazard and violated the fire code.

Plaintiff complains that medical personnel were not present during the night. Instead of nurses or doctors, Sheriff's deputies checked plaintiff's blood pressure, monitored his glucose, distributed medicine, and helped administer his insulin during the night.

Deputy Mitchell incorrectly put restraints on plaintiff, which caused plaintiff to fall on the sidewalk. Mitchell "implied" that he deserved to fall and get injured because Mitchell had to quickly apply the restraints after plaintiff took too long to eat breakfast. The fall caused an unspecified injury and pain for several days, which a nurse treated.

---

[2] A CPAP machine pumps air into a breathing apparatus that is worn during sleep to mitigate sleep apnea. Plaintiff's physician prescribed this treatment.

2

Plaintiff did not receive proper nourishment as he lost twenty pounds and his "glucose [level] dropped significantly." "The nurse applauded the lower glucose because they w[]ere near normal (which is rare for [plaintiff])." Plaintiff alleges that he requested a low-sodium and sugar-free diet, but he thinks he had to eat the same foods as everyone else.

Plaintiff filed a complaint with the Virginia Health Department because the cups were not clean and he had to use a spork. "Several" inmates, including plaintiff, had to sleep on mats on the floor because the Jail did not have enough beds.

Lieutenant Kite told plaintiff he did not like him because plaintiff complained about his medical care. Kite "implied" that he would not transfer plaintiff to a medical facility because he did not want to Jail to incur the extra expense.

II.

A.   The court considers plaintiff's signed Amended Complaint.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the court's leave or the opposing party's written consent. A court should freely give leave when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371

U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991).

Plaintiff's Amended Complaint does not meet the time requirements of Rule 15(a) to file it as a matter of right. Therefore, the Amended Complaint is subject to the court's approval. Insofar as the Amended Complaint asserts the same enumerated claims arising from the same nucleus of operative facts as the Original Complaint, the court will consider the Amended Complaint to adjudicate plaintiff's claims.

However, plaintiff names new defendants not previously named in the Original Complaint. The court must also consider the more specific joinder provisions of Rules 19(a) and 20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). The proposed additional defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the defendants. Fed. R. Civ. P. 20(a)(2).

Plaintiff names as new defendants Doug Purdham, Mayor of the Town of Stanley; Officers Dean and Brown, Town of Stanley Police Officers; and Deputy Hammer, a Page County Sheriff's Deputy. However, plaintiff fails to connect these proposed defendants to any conduct or experience arising from his stay at the Jail as described in the Original Complaint. Without a factual or legal nexus between these proposed defendants and his allegations, the attempt to join them is futile. Accordingly, the court disallows joinder of these proposed defendants.

4

B.   Plaintiff's Amended Complaint presents frivolous claims.

The court must dismiss any action or claim filed by a pro se plaintiff proceeding in forma pauperis if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the pro se plaintiff's advocate, sua sponte developing statutory and constitutional claims he failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff generally invokes 42 U.S.C. § 1983 and the First, Fifth, Eighth, Ninth, and Fourteenth Amendments as the legal bases of this action. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to link any defendant to his claims, and his claims do not implicate a violation of these Constitutional Amendments.

Plaintiff fails to allege any facts against defendants the Town of Stanley; Mark Pelton, the Page County Administrator; or John Thomas, the Page County Sheriff. The only tenuous

5

connection between Thomas and the alleged claims is that Thomas' position as Sheriff may make him the Jail's head administrator. Absent some personal involvement, however, respondeat superior is not an adequate basis for § 1983 liability. Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (stating § 1983 supervisory liability requires, inter alia, that plaintiff suffer a constitutional injury). Furthermore, the Jail is not a proper defendant to a § 1983 action. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning that a jail is not an appropriate defendant to a § 1983 action). Accordingly, plaintiff's Amended Complaint is frivolous because it fails to relate any constitutional claim to a cognizable defendant.

Even if plaintiff had named some responsible party, his claims involve frivolous matters not legally related to his constitutional rights. Such frivolous incidents of prison life include whether his CPAP machine was plugged in with an extension cord, using a spork, unclean cups, sleeping in a segregation cell, being locked in a Jail cell, and staff's or inmates' verbal use. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim). Plaintiff does not have a protected constitutional interest to be assigned to general population instead of segregation. See Sandin v. Conner, 515 U.S. 472, 486-87 (1995) (stating an inmate does not have a constitutional right to be

placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment). The allegation that the Jail may be overcrowded or that plaintiff slept on a mat does not raise a constitutional issue. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981) (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment).

Furthermore, an inmate does not have a constitutional right to unnecessary medical monitoring twenty-four hours each day, and he fails to describe any injury from not having nurses present during the night. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Indeed, plaintiff acknowledges that staff checked his blood pressure, monitored his glucose, distributed his medicine, and helped him with his insulin. Moreover, plaintiff fails to describe whether he lost twenty pounds in his four day stay in November 2009, his four day stay in January 2011, his two month stay from April to June 2011, or during the entire period between November 2009 and June 2011. Regardless of the time, he fails to describe any actual injury; rather, plaintiff acknowledges that the weight loss improved his health and diabetes. Moreover, plaintiff's allegation that Deputy Mitchell incorrectly put restraints on him, which caused plaintiff to fall on the sidewalk, may present a claim of negligence, but it does not implicate a constitutional right. See Daniels v. Williams, 474 U.S. 327, 333 (1986) ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution. . . ."). Finally, plaintiff is no longer in the Jail, which moots any request for injunctive relief, and the court assumes that plaintiff will not return there. See L.A. v. Lyons, 461 U.S. 95, 105-08 (1983) (holding that Lyons did not have standing to seek an injunction prohibiting the Los Angeles Police Department from employing chokeholds because he could not establish that he would be

subjected to a chokehold in the future); O'Shea v. Littleton, 414 U.S. 488, 497 (1974) (holding that no case or controversy existed to issue injunction about the enforcement of criminal laws because it was to be assumed that individuals will act within the law to avoid prosecution and conviction); Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (stating a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there).

III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the Amended Complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(1). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action is not taken in good faith.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: September 28, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge